UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY HARRIS,
a/k/a JEROME K. LOCKHART,

    Petitioner,

-vs-                                                               Case No. 8:06-CV-1582-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. 1). Subsequently, Petitioner filed an amended petition (Dkt. 5). Petitioner challenges his 2002 conviction for robbery entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the amended petition (Dkt. 12), and Petitioner has filed a reply thereto (Dkt. 15). A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition. The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2009).

### Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Ineffective Assistance of Counsel Standard**

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

**Procedural Default**

A petitioner must present each claim to the state courts before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), *and Upshaw v. Singletary*, 70 F.3d 576, 578 (11th

Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

## Discussion

**Procedurally Deficient Grounds (Grounds Four, Five, Six, Seven and Eight)**

In Ground Four, Petitioner complains he was deprived his right to counsel at pre-trial and trial. Specifically, although he waived his right to counsel, Petitioner argues his waiver was inadequate and not knowingly and intelligently made.

In Ground Five, Petitioner complains that the trial court failed to conduct an adequate inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975) to determine whether Petitioner understood the consequences of waiving counsel, and that the trial court failed to meet the requirements of *Faretta* by allowing stand-by counsel to make motions and objections that were contrary to what Petitioner wanted.

In Ground Six, Petitioner essentially argues that the State's charging Information was legally insufficient, and that the evidence presented at trial was insufficient to convict him.

In Ground Seven, Petitioner complains he was arrested without probable cause.

Finally, in Ground Eight, Petitioner complains that police utilized an impermissibly suggestive out-of-court identification.

The record supports the Respondent's argument that Petitioner never presented these claims on direct appeal (See Dkt. 14, Ex. 002). A petitioner must present his claims to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). Petitioner should have raised on direct appeal his claims alleged in Grounds Four through Eight. Petitioner did raise these claims in his state post-conviction motion pursuant to Florida Rules of Criminal Procedure Rule 3.850 (Dkt. 14, Ex. 012). However, the state trial court denied these claims because they all could have been raised on direct appeal, and they were

not properly raised in a motion for post-conviction relief (Dkt. 14, Ex. 013). The state appellate court per curiam affirmed the denial of Petitioner's post-conviction motion (Dkt. 14, Ex. 016).

Consequently, these grounds are procedurally defaulted because state law bars Petitioner from returning to state court to present these claims.

> [W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal habeas relief. . . . Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile.

*Snowden v. Singletary*, 135 F.3d 732, 736-37 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

Because Petitioner procedurally defaulted Grounds Four through Eight, review is foreclosed unless Petitioner can satisfy one of two tests. To overcome procedural default, Petitioner must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To demonstrate "cause" for his procedural default, Petitioner must justify his failure to comply with Florida's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default, Petitioner must show prejudice arising from the alleged constitutional error. A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). *Accord Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991). In essence, to show actual prejudice, Petitioner must demonstrate that the alleged errors so infected the

trial that his resulting conviction violates due process.

Petitioner appears to argue that appellate counsel's failure to raise these claims on direct appeal is cause for his procedural default. A claim of ineffective assistance of counsel may establish cause for a procedural default. *See, e.g. Edwards v. Carpenter* , 529 U.S. 446, 451 (2000); *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To claim that attorney error excuses a procedural default, a petitioner must either have properly presented and exhausted an ineffective assistance of counsel claim in the state courts or, if the ineffective assistance of counsel claim is itself procedurally barred, separately show that there is "cause" excusing said procedural default as well as prejudice resulting from the error. *See Edwards*, 529 U.S. at 453. Petitioner did file a state petition for writ of habeas corpus in which he alleged ineffective assistance of appellate counsel in failing to raise a number of claims on direct appeal, including his claims that the trial court failed to comply with *Faretta*, that there was insufficient evidence to support a robbery conviction, and that the police used an impermissibly suggestive out-of-court identification procedure (Dkt. 14, Ex. 008). Consequently, Petitioner properly presented and exhausted in the state courts his ineffective assistance of appellate counsel claims concerning Grounds Five, Six and Eight of the instant federal habeas petition.

Nevertheless, Petitioner fails to meet his burden to demonstrate cause for the default and actual prejudice. Given the Florida Second District Court of Appeal's prior determination that Petitioner's appellate counsel was not ineffective, in order for Petitioner to demonstrate cause for the default and actual prejudice, the Florida Second District Court of Appeal's determination must have "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." See 28 U.S.C. § 2254(d). The Florida Second District Court of Appeal's determination was not contrary to federal law established by the Supreme

5

Court.

Under *Strickland*, ineffectiveness of counsel is only established if the defendant can prove that "counsel's performance was deficient...[,] [which] requires showing that counsel made errors so serious that counsel was not functioning as" counsel guaranteed by the Sixth Amendment. . . and "that the deficient performance prejudiced the defense...[,][which] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. at 687 (1984). On appeal, counsel must be "highly selective about the issues to be argued." *Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001) (citation omitted). Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings," under *Strickland*, there is no ineffective assistance of appellate counsel. *Id.*

As to Ground Five, Petitioner's *Faretta* claim, Petitioner does not show, and the record does not reflect, that he objected to the sufficiency of the *Faretta* hearings (See Dkt. 14, Ex. 001 at Transcript pgs. 37-40), or that he objected to stand-by counsel making objections and motions (See Dkt. 14, Ex. 001 at Transcript pgs. 1-313).[1] Consequently, the issue was not preserved for appeal and appellate counsel cannot be held accountable for failing to raise an unappealable issue. *See Groover v. Singletary*, 656 So.2d 424, 425 (Fla. 1995).

Moreover, Petitioner's *Faretta* claim lacks merit. Two requirements are crucial before a court will allow a defendant to relinquish his right to counsel: (1) a defendant must clearly and unequivocally assert his right to self-representation; and (2) a court must make sure that a defendant understands the risks and disadvantages of self-representation. *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1064-65 (11th Cir. 1986)(citing *Faretta*, 422 U.S. at 835). The record reflects that Petitioner clearly asserted that he wanted to represent himself, and he clearly understood the risks and disadvantages of self-representation (See Dkt. 14, Ex. 001, Transcript at pgs.

---

[1]In fact, Petitioner requested stand-by counsel to assist him with jury selection (Dkt. 14, Ex. 001, Transcript at pg. 4).

37-40).

With respect to Ground Six, Petitioner's claim that the Information was legally insufficient, and that the evidence presented at trial was insufficient to convict him, the claim has no merit. Petitioner appears to assert the Information was insufficient because it did not identify the "time and place" of the crime (See Dkt. 5 at pg. 43). In Florida, "time is not ordinarily a substantive part of an indictment or information and there may be a variance between the dates proved at trial and those alleged in the indictment or information as long as: (1) the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither surprised nor hampered in preparing his defense." *Tingley v. State*, 549 So. 2d 649, 651 (Fla.1989). The Information in Petitioner's case notified Petitioner that he was being charged with robbery for an incident that occurred on December 21, 2001, in Hillsborough County, Florida, when he forcefully took property belonging to John Roels (Dkt. 14, Ex. 001, Record at pg. 117). Petitioner fails to show that the crime was committed after the return of the Indictment and not within the statue of limitations, or that the omission from the Information of the exact time and place of the crime hampered his defense. Accordingly, Petitioner fails to demonstrate appellate counsel was deficient in failing to raise this issue on direct appeal.

To the extent Petitioner argues appellate counsel was ineffective in failing to raise on direct appeal a claim of insufficiency of the evidence, the claim is without merit. "The Supreme Court has held, in the context of a state prisoner's habeas challenge to the sufficiency of the evidence to support her conviction, that the 'critical inquiry' is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Carlisle v. Conway*, 276 Fed. Appx. 893, 895 (11th Cir. 2008)(quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298 (1995)). The trial court instructed the jury that

7

before they could find Petitioner guilty of robbery, the State was required to prove: 1) Petitioner took cash from John Roels; 2) force, violence, assault or putting in fear was used in the course of the taking; 3) the property taken was of some value; and 4) Petitioner took the property with the intent to permanently or temporarily deprive John Roels of the property, or appropriate the property to his own use. (Dkt. 14, Ex. 001, Transcript at pgs. 294-95).

There was sufficient evidence to establish the elements of robbery. The testimony presented by John Roels that Petitioner entered the store, grabbed him by the throat and started hitting him, took the money from the cash register, then fled the store would have permitted a reasonable trier of fact to conclude Petitioner was guilty of robbery (See Dkt. 14, Ex. 001, Transcript at pgs. 122-71). Accordingly, Petitioner does not show appellate counsel was deficient in failing to raise a claim of insufficiency of the evidence on direct appeal.

With respect to Ground Eight, that police used an unduly suggestive out-of-court identification procedure, this claim also has no merit. After the robbery, John Roels was taken by police from the store to a trailer park where Petitioner was seen entering following the robbery (Dkt. 14, Ex. 001, Transcript at pgs. 139-42). The police showed John Roels a suspect, but he told the police that the suspect was not the man who committed the crime (Id. at pg. 140). John Roels went back to the store (Id.). However, later that day police took John Roels from the store back to the trailer park (Id.). John Roels saw Petitioner and immediately identified him as the man who committed the crime (Id. at pgs. 141-42).

"Determining whether an identification is so unreliable as to violate due process requires us to answer two questions: (1) whether the original identification procedure was unduly suggestive; and if so, (2) whether the procedure, given the totality of the circumstances, created a substantial risk of misidentification at trial." *Marsden v. Moore*, 847 F.2d 1536, 1545 (11th Cir. 1988) (citation omitted). Reliability is the major factor in determining the admissibility of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).

8

"Factors to be considered in determining whether the identification was reliable include: (1) opportunity to view; (2) degree of attention; (3) accuracy of the description; (4) level of certainty; and (5) length of time between the crime and the identification." *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001) (citing *Neil v. Biggers*, 409 U.S. 188, 199 (1972)).

Initially, the Court finds nothing unduly suggestive about the identification procedure in Petitioner's case. Moreover, John Roels' identification of Petitioner was reliable as he had a very good opportunity to view Petitioner who was standing right in front of him holding him by the throat, his identification of Petitioner at the trailer park was shortly after the crime was committed, he had seen Petitioner before on numerous occasions, and he was absolutely certain Petitioner was the perpetrator of the crime. Accordingly, Petitioner fails to demonstrate appellate counsel was deficient in failing to raise this claim on direct appeal.

In sum, Petitioner wholly fails his burden to establish cause and prejudice for his procedural default.

As an alternative to showing "cause and prejudice," Petitioner may show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice," a very difficult task because Petitioner must demonstrate "actual innocence" of the crime of conviction. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (citing *Murray v. Carrier*, 477 U.S. at 496). *See also Engle v. Isaac*, 456 U.S. 107, 134-35 (1982), and *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (petitioner must show "as a factual matter that he did not commit the crime of conviction."). Petitioner wholly fails to demonstrate he is factually innocent of the crime.

Petitioner meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception to procedural default. Consequently, Grounds Four through Eight are procedurally barred from review on the merits.

**Ground One**

Petitioner complains he was denied due process when the trial judge failed to recuse himself after commenting on the merits of Petitioner's motion to disqualify the judge. Specifically, Petitioner argues his motion to disqualify the judge was legally sufficient, and therefore the judge should have disqualified himself instead of disputing the merits of Petitioner's motion, and denying the motion. Furthermore, Petitioner appears to argue that he was denied due process and a fair trial because of the trial judge's bias against him. Specifically, Petitioner contends that the trial judge's rulings before and during the trial, and his comments at the sentencing hearing are evidence of judicial bias and prejudice towards Petitioner.

On direct appeal, Petitioner failed to raise any federal due process claim (Dkt. 14, Ex. 002). Thus, Respondent contends, and this Court agrees, that this ground is procedurally defaulted. Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Even if Petitioner's fair trial/due process claim was not procedurally defaulted, it would fail on the merits. "A fair trial in a fair tribunal is a basic requirement of due process." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975); *Callahan v. Campbell*, 427 F.3d 897, 928 (11th Cir. 2005) (citing *In re Murchison*, 349 U.S. 133, 136-37 (1955). The state court's rejection of Petitioner's claim based on the trial judge's failure to recuse was not "contrary to" or an "unreasonable application of" clearly established Supreme Court precedent. *Callahan v. Campbell*, 427 F.3d at 929.

After an extensive review of the record, it is clear that Petitioner received a fair trial and sentencing hearing. The record does not demonstrate that a personal bias existed on the part of the trial judge, the appearance of bias or the probability of bias. Moreover, the facts alleged were not such that a reasonable person would be convinced that a bias existed. *See Tafero v. Wainwright*, 796 F.2d 1314, 1322 (11th Cir.1986), *cert.*

*denied*, 483 U.S. 1033 (1987); *see also Kowalski v. Boyles*, 557 So. 2d 885 (Fla. 5th DCA 1990) (finding the petitioner's subjective fears of partiality not reasonably sufficient to create a well-founded fear supporting disqualification of judge).

The state appellate court's rejection of Petitioner's claim was not contrary to or an unreasonable application of clearly established Federal law nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2). Not only must the factual determination have been unreasonable, but the state court's factual findings must be shown unreasonable by clear and convincing evidence. § 2254(e)(1). *Callahan v. Campbell*, 427 F.3d at 926. Petitioner has not made this showing.

To the extent Petitioner argues the trial judge erred under Florida law in denying Petitioner's motion to disqualify the judge, the claim is a matter of state law not cognizable on federal habeas review. Pursuant to 28 U.S.C. §2254(a), a federal habeas petition by a state inmate is cognizable "only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam); *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988). Federal review is precluded even when state law claims are couched in terms of due process or equal protection. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). Consequently, Petitioner's claim that the trial judge erred under Florida law when he denied Petitioner's motion to disqualify is not cognizable in this action, and must be denied.

Consequently, for the foregoing reasons Ground One does not warrant federal habeas relief.

**Ground Two**

Ground Two of Petitioner's amended petition states "whether the trial court erred in failing to grant Mr. Harris [sic] speedy trial motion, or Brady discovery violation." (Dkt. 5 at pg. 18). Specifically, it appears Petitioner complains that the trial court should have either granted his motion to dismiss the charges against him pursuant to his speedy trial demand, or granted his request for discovery from the State of still photographs the State made from the surveillance tape of the crime. Finally, it appears Petitioner raises a few claims of discovery violations by the State where the State allegedly did not disclose 911 tapes, the identity of an anonymous tipster, and a cap Petitioner wore during the robbery (Dkt. 5 at pgs. 21-26).

Initially, Petitioner's claim that the State failed to disclose the 911 tapes, the identity of the anonymous tipster, and the cap is procedurally defaulted because he did not raise the claim on direct appeal (Dkt. 14, Ex. 002). Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, this claim is barred from federal review.

To the extent Petitioner argues that the trial court erred under Florida law in failing to dismiss the charge against him pursuant to his speedy trial demand, the claim is a state law issue not cognizable on federal habeas review. See 28 U.S.C. §2254(a). *See e.g., Davis v. Wainwright*, 547 F.2d 261 (5th Cir. 1977)(no relief for violation of state speedy trial rule).

To the extent Petitioner is arguing his Sixth Amendment right to a speedy trial was violated, the claim was not raised on direct appeal (Dkt. 14, Ex. 002). He did not present to the appellate court a Sixth Amendment speedy trial claim, and therefore the claim is procedurally defaulted. Moreover, for purposes of triggering a speedy trial claim, delays between the indictment and the trial exceeding one year are generally found to be presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). However, if the length of

the delay is not presumptively prejudicial, then the Court need not consider the reason for the delay, the defendant's assertion of the speedy trial right, or the prejudice to the defendant. *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996). In Petitioner's case, the Information was filed on January 11, 2002 (Dkt. 14, Ex. 001 at pg. 12). The trial commenced on July 8, 2002 (Id. at pg. 5). Petitioner wholly fails to demonstrate a prejudicial delay. Furthermore, the right to a speedy trial from a constitutional standpoint is not restricted by time periods established by state rules of procedure. *See Routley v. Singletary*, 33 F.3d 1279, 1291 (11th Cir. 1994)(noting that "...nowhere in the United States Constitution is there found a right to be brought to trial within 180 days."), *cert. denied*, 515 U.S. 1166 (1995). Therefore, even if habeas review was not barred, the claim would fail because Petitioner's right to a speedy trial was not violated.

Finally, to the extent Petitioner asserts a *Brady*[2] violation, Petitioner "must prove (1) that the state possessed evidence favorable to the defendant; (2) that he did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and, (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different." *United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997). Under the *Brady* rules the Government is not required "to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977).

During sentencing, Petitioner argued that the State committed a *Brady* violation when it withheld still photographs made from the surveillance video tape (Dkt. 14, Ex. 001 at pgs. 389-90). At the hearing on July 2, 2002, prior to trial, the State said that at that time it had not made any photographs from the surveillance video (Id. at pg. 379). The State informed the judge that it had provided Petitioner with the surveillance video, and

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

that Petitioner "can make stills if he wants." (Id.). On the day of the trial, the State did give Petitioner still prints from the surveillance video for him to review (Id. at pgs. 389-90).

Petitioner does not meet his burden to prove a *Brady* violation. First, he possessed the video tape and could have had still photographs made. Second, Petitioner does not show that the State suppressed the evidence. On July 2, 2002, the State did not have still photographs. Further, the State produced still photographs from the surveillance tape on the day of trial. Therefore, Petitioner had the photographs available to use to impeach the witnesses at trial. *See United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994) ("*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to complete failure to disclose.") (citations omitted), *cert. denied*, 513 U.S. 1117 (1995); *see also, United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997) (as long as ultimate disclosure is made before it is too late for defendant to make use of any benefits of the evidence, due process is satisfied). Finally, Petitioner must show that had the evidence been disclosed earlier, there is a reasonable probability that the outcome of the trial would have been different. Petitioner wholly fails to show that had he received the photographs earlier than he did, it would have made a difference in the outcome at trial. Petitioner claimed the photographs would show that the witness, John Roels, could not have seen the color of the perpetrator's hair because the perpetrator was wearing a cap. However, John Roels testified at trial that he knew Petitioner from seeing him several times prior to the offense (Dkt. 14, Ex. 001 at pgs. 156-57), and that the cap did not completely cover Petitioner's hair (Id. at pg. 158). Accordingly, Petitioner's claim must be denied because he does not put forth a valid *Brady* violation claim.

**Ground Three**

Petitioner complains his right to due process was violated when bailiffs surrounded him while he represented himself during trial. Petitioner argues that because he was surrounded by bailiffs, the jury was given the impression that he was a dangerous person who needed to be guarded. He also complains that the prosecutor

made an improper statement during closing argument when he told the jury that Petitioner "chose to rob that store on December 21, 2003, and he chose to represent himself today and nobody can change that." Petitioner argues that the prosecutor's statement encouraged the jury to punish Petitioner "because he chose to represent himself and equated his self-representation status with committing a crime." (Dkt. 5 at pgs. 28-29).

Initially, as to Petitioner's claim regarding the prosecutor's statements, the Court agrees with Respondent that the claim is procedurally defaulted. Under Florida's "contemporaneous objection" rule, comments made by the prosecutor during closing arguments that went without objection are not properly preserved for appeal. *See Jackson v. Dugger*, 931 F.2d at 712, 715 (11th Cir. 1990), *cert. denied*, 502 U.S. 973 (1991); *Porter v. Crosby*, 840 So.2d 981, 986 (Fla. 2003). Since Petitioner did not object to the prosecutor's comments during his closing (See Dkt. 14, Ex. 001, Transcript pg. 292), this claim was not preserved for appeal. In its Answer Brief on direct appeal, the State raised the argument that the claim was not preserved for appellate review (Dkt. 14, Ex. 004). Under the circumstances, the appellate court's silent affirmance is presumed to rest on independent and adequate state procedural grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, this claim is barred from federal review.

Even if the claim was not procedurally barred, it would fail on the merits. Improper prosecutorial remarks amount to a constitutional violation only if the remarks render the proceedings fundamentally unfair. *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir. 1997). The relevant inquiry is whether the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. at 642). In making this

15

assessment, a reviewing court must evaluate the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980).

Taken in the context of the entire trial, the prosecutor's comments, even if they could be considered improper, were not so egregious as to render the trial fundamentally unfair, nor did they infect the trial with such unfairness that the resulting conviction amounted to a denial of due process. Accordingly, this claim does not warrant federal habeas relief.

To the extent Petitioner claims he was denied a fair trial and due process as a result of the bailiffs "surrounding" him during trial, Petitioner fails to demonstrate entitlement to relief. "[O]ne accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." *Holbrook v. Flynn*, 475 U.S. 560, 567 (1986) (quoting *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978)). "It is possible for the security measures taken by a trial court to be sufficiently unfairly prejudicial to a criminal defendant as to cause a due process violation." *United States v. Cunningham*, 194 Fed. Appx. 582, 585 (11th Cir. 2006) (citing *Holbrook*). Under *Holbrook*, if the challenged security measures are not inherently prejudicial, the burden rests on the defendant to show actual prejudice. *Holbrook*, 475 U.S. at 572; *United States v. Moreno*, 933 F.2d 362, 368 (6th Cir. 1991).

Petitioner was not handcuffed or restrained in any manner during the trial. Prior to trial, Petitioner informed the trial court that he was intimidated when the bailiffs were all standing close to him (Dkt. 14, Ex. 001, Transcript at pgs. 43-44). The trial judge informed Petitioner that during trial the bailiffs would be standing in separate areas, and he would not "let them congregate in one place." (Id.). The record reflects that Petitioner never complained again that the bailiffs were "surrounding him" during the trial.

Petitioner does not demonstrate that clearly established federal law dictates that it was inherently prejudicial for bailiffs to be present in the courtroom during the trial, or for the bailiffs to be in close proximity to Petitioner.[3] *See, e.g., Lambert v. McBride*, 365 F.3d 557, 563 (7th Cir. 2004)(the presence or use of security officers in the courtroom is not inherently prejudicial). Nor does he show any actual prejudice. This Court cannot find that the courtroom scene was inherently prejudicial to Petitioner's right to a fair trial. Absent any evidence of prejudice, inherent or actual, the bailiffs crowding around Petitioner prior to the start of trial did not violate Petitioner's right to a fair trial. The state appellate courts denial of this claim was not contrary to or an unreasonable application of clearly established federal law.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 5).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _August 6th_, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
       Counsel of Record

---

[3] Petitioner was on trial for a violent felony.